IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IFC CREDIT CORPORATION,       )<br>    Plaintiff,                 )<br>                               )<br>    v.                         )    04 C 6093<br>                               )<br>WARNER ROBBINS SUPPLY         )<br>COMPANY, INC.,                )<br>    Defendant.                 ) | |

## MEMORANDUM AND ORDER

Defendant Warner Robbins seeks to dismiss IFC Credit Corporation's diversity complaint under Fed. R. Civ. P. 12(b)(2) and 12(b)(3), contending that the court lacks personal jurisdiction over it and that venue is improper. For the following reasons, the motion is denied.

## Background

The following facts are drawn from the complaint and accepted as true for purposes of Warner's motion to dismiss. Warner is in the building and home supply industry and is a Georgia corporation with its principal place of business in Georgia. Warner executed an equipment rental agreement with Norvergence, a non-party, to lease certain equipment. The lease provided, among other things, that:

> This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Rentor's assignee's sole option. You hereby waive right to a trial by jury in any lawsuit in any way relating to this rental.

Warner certified that it received the equipment and that it had reviewed and understood all the terms of the lease.

Norvergence subsequently assigned its interest in the agreement to IFC, an Illinois corporation with its principal place of business in Illinois. IFC then provided Warner with written notification of the assignment. In Count I of its complaint, IFC contends that Warner breached the agreement by failing to pay all of the monies due under that agreement. In Count II, it contends that it is entitled to possession of the equipment covered by the agreement.

## Discussion

In Warner's motion to dismiss, it challenges personal jurisdiction and venue. When both personal jurisdiction and venue are at issue, the court ordinarily considers whether jurisdiction is proper first. *Circle Group Internet, Inc. v. Atlas, Pearlman, Trop & Borkson, P.A.*, No. 01 C 7338, 2002 WL 1559637 at *1 (N.D. Ill. Jul. 16, 2002). However, "when there is a sound prudential justification for doing so . . . a court may reverse the normal order of considering personal jurisdiction and venue." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). In this case, resolution of the venue issue will obviate the need to decide the personal jurisdiction issue, so in the interests of judicial efficiency, the court will consider venue first.

On a motion to dismiss for improper venue based on a forum-selection clause, the plaintiff bears the burden of establishing that the venue it has chosen is proper and that the forum-selection clause is enforceable. *See Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18(1972); *DeJohn v. The .TV Corp. International*, 245 F.Supp.2d 913, 920 (N.D. Ill. 2003). The court must resolve any factual disputes in favor of the plaintiff and draw any reasonable inferences from those facts in the plaintiff's favor. *DeJohn v. The .TV Corp. International*, 245 F.Supp.2d at 420-21.

Warner contends that venue in Illinois is improper because the forum selection clause in its agreement with Norvergence is invalid. For a forum selection clause to be effective, the language delineating the choice of forum must be "mandatory rather than permissive." *See Jockey Int'l, Inc. v. M/V Leverkusen Express*, 217 F.Supp.2d 447, 451 (S.D.N.Y. 2002). Mandatory forum selection clauses are presumptively valid and must be enforced unless it is unreasonable under the circumstances to do so. *Bremen v. Zapata Off-Shore Co.*, 407 U.S. at 15.

The contract provides that, "all legal actions relating to this Lease shall be venued exclusively in a state or federal court located withing that State, such court to be chosen at Rentor or Rentor's assignee's sole option." The use of the word "shall" indicates that the forum selection clause in the agreement is mandatory and exclusive. *Bem I, L.L.C. v. Anthropologie, Inc.*, 2000 WL 816789 at *8 (N.D. Ill. Jun 22, 2000) (under Illinois law, courts interpret the word "may" as permissive and "shall" as mandatory), *aff'd by* 301 F.3d 548 (7th Cir. 2002).

A party seeking to avoid a mandatory forum selection clause must show that: (1) it is the result of fraud or overreaching; (2) the party will be deprived of his day in court as the result of the "grave inconvenience or unfairness of the selected forum"; (3) the party may be deprived of a remedy due to the "fundamental unfairness" of the chosen law; or (4) the clause contravenes a strong public policy of the forum state. *DeJohn v. The .TV Corp. International*, 245 F.Supp.2d at 921. Warner does not address any of these factors.

Instead, it contends that the forum selection clause is unenforceable because it is "tantamount to an adhesion contract." It is true that the terms of the contract were dictated solely by Norvergence. However, Warner expressly indicated that it reviewed and understood the forum selection clause. Moreover, it had always had the option to reject Norvergence's contract.

*See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) (upholding a preprinted forum selection clause in part because the plaintiff "retained the option of rejecting the contract with impunity"); *DeJohn v. The .TV Corp. International*, 245 F.Supp.2d at 919 (rejecting defendant's attempt to invalidate a forum selection clause because it was a non-negotiable part of a contract). Accordingly, the court finds that the forum selection clause is presumptively valid.

Under Illinois law, a presumptively valid forum selection clause is enforceable unless the opposing party shows that enforcement is unreasonable under the circumstances and exceptional circumstances exist. *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 252 (7th Cir. 1996). In determining whether a forum selection clause is enforceable, a court should consider: (1) the law governing the contract's formation and construction; (2) the parties' residency; (3) the place of execution and/or performance; (4) the location of the parties and witnesses; (5) the inconvenience of the competing fora; and (6) whether the parties bargained for the clause. *See McCarthy v. Czarnowski Display Service, Inc.*, No. 03 C 7485, 2004 WL 1878836 at *4 (N.D. Ill. Aug 13, 2004). The court should also consider whether the opposing party has shown "that enforcement would contravene the strong public policy of the state in which the case is brought . . . the chosen forum would be so seriously inconvenient for trial that the opposing party would be deprived of his or her day in court . . . and whether or not both parties freely entered into the agreement contemplating such inconvenience should there be a dispute." *Id.* (internal citations omitted).

Here, Illinois law governs under the contract's terms, IFC is located in Illinois, and Warner is located in Georgia. On the other hand, the contract was executed in a state other than Illinois as Warner is located in Georgia and Norvergence appears to be located in a state other

-4-

than Illinois. The parties have not provided information regarding the location of witnesses and evidence germane to this action, so this factor is in equipoise. Moreover, regardless of where this case proceeds, one side will be inconvenienced.

In addition, while the record does not show that the parties specifically bargained for the forum selection clause, Warner read and agreed to the contract, and if it was dissatisfied with the contract's plain language, it should have pursued the matter before it signed the contract and not gambled on trying to invalidate the clause after the fact. Warner has also failed to point to an Illinois public policy that precludes proceeding in Illinois and has failed to show that litigating this matter in Illinois would essentially deprive it of its day in court. Finally, Warner chose to sign an agreement with a forum selection clause that allows IFC or its assignee to chose the forum where contract disputes will be litigated. The court thus finds that Warner has failed to establish that it is entitled to unilaterally red-line the forum selection clause out of the agreement simply because it is dissatisfied with the fact that IFC haled it into court in Illinois.

With respect to Warner's claim that the court lacks personal jurisdiction over it, parties whose cause of action is grounded in a contract containing a forum selection clause are deemed to have waived any objection to personal jurisdiction. *Bremen v. Zapata Off-Shore Co.*, 407 U.S. at 9-12; *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1280 (7th Cir. 1997) (personal jurisdiction is waivable and parties can, through such measures as forum selection clauses, easily contract around rules promulgated for determining whether personal jurisdiction exists in breach of contract action involving nonresident defendants). Because a forum selection clause places venue in Illinois, Warner cannot contest personal jurisdiction here.

## Conclusion

For the above reasons, Warner's motion to dismiss [6-1] based on improper venue and personal jurisdiction is denied.

DATE: 2-3-05

Blanche M. Manning
United States District Judge

04cv6093.md