# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IFC CREDIT CORPORATION, | ) | |
|     Plaintiff, | ) | Hon. Blanche M. Manning |
| | ) | |
| v. | ) | 04 C 6093 |
| | ) | |
| WARNER ROBINS SUPPLY | ) | |
| COMPANY, INC., | ) | |
|     Defendant. | | |

## MEMORANDUM AND ORDER

IFC Credit Corporation ("IFC") brought this diversity action against Warner Robins Supply Company, Inc. ("Warner") seeking monetary damages and declaratory relief for breach of a Rental Agreement ("Agreement"). The present motion comes before this Court on Warner's Motion to Transfer this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Middle District of Georgia. For the following reasons, the motion is DENIED.

## Background

The following facts are drawn from the complaint and accepted as true for the purposes of Warner's Motion to Transfer. Warner is in the building and home supply industry and is a Georgia corporation with its principal place of business in Georgia. Warner executed the Agreement with Norvergence, a non-party, to lease certain equipment. The Agreement provided, among other things, that:

> This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located, or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Rentor's assignee's sole option. You hereby waive right to a trial by jury in any lawsuit in any way

relating to this rental.

Warner certified that it received the equipment and that it had reviewed and understood all the terms of the lease.

Norvergence subsequently assigned its interest in the Agreement to IFC, an Illinois corporation with its principal place of business in Illinois. Thereafter, IFC provided Warner with written notification of the assignment. In Count I of its complaint, IFC contends that Warner breached the agreement by failing to pay all of the monies due under that agreement. In Count II, IFC contends that it is entitled to possession of the equipment covered by the agreement. Warner filed a Motion to Dismiss Pursuant to the Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) claiming lack of personal jurisdiction and improper venue based on the invalidity of a forum selection clause in the Agreement. This Court denied Warner's Motion to Dismiss finding that both personal jurisdiction and venue were proper in this Court and that the forum selection clause was valid.

## Discussion

Warner now contends that this action should be transferred to the United States District Court for the Middle District of Georgia pursuant to 28 U.S.C. § 1404(a). Section 1404 (a) provides that: "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Applying section 1404(a), courts hold that a transfer is appropriate if: (1) venue is proper in both the transferor and transferee districts; (2) the transfer is for the convenience of both the parties and witnesses; and (3) the transfer is in the interest of justice. Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989); Brandon Apparel Group v.

Quitman Mfg., 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999).

The party seeking transfer under section 1404(a) bears the burden of showing that the transferee court is *clearly* more convenient than the current forum. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986) (emphasis added). In determining whether an action should be transferred pursuant to section 1404(a), the court must seek to promote the efficient administration of justice rather than the individual interest of the parties. North Shore Gas Co., v. Salomon, Inc., 896 F. Supp. 786, 791 (N.D. Ill. 1995). The court should not grant a change in venue if the move will simply shift the convenience from one party to the other. Countryman v. Stien, Roe, & Farnham, 681 F. Supp. 479, 482 (N.D. Ill. 1987).

Because this Court has previously ruled that venue is proper in this district, IFC Credit Corp v. Warner Robins Supply Co., Inc., 04 C 6903 (N.D. Ill. Feb. 3. 2005) (holding that venue is proper in this district), it need only examine whether a transfer would be: (I) for the convenience of the parties and witnesses; and (II) in the interest of justice.

**I.      Convenience of the Parties and Witnesses**

Courts consider five factors when evaluating the convenience element: (1) the plaintiff's choice of forum; (2) the site of material events; (3) the access to evidence; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in each forum. Brandon, 42 F. Supp. 2d at 833; College Craft Cos. Ltd. v. Perry, 889 F. Supp. 1052, 1054 (N.D. Ill. 1995). A party which signs a contract with a valid forum selection clause waives its right to move for a change of venue based on its own inconvenience. Northwestern Nat'l Ins. Co. v. Donovan, 916 F.2d 372, 378 (7th Cir. 1990). Even where a valid forum selection clause exists, however, the courts may still transfer a case under § 1404(a). See Stewart Organization, Inc. v. Ricoh Corp.,

487 U.S. 22, 33 (1988); PlumTree, Inc. v. Stockment, 488 F.2d 754, 757-58 (3rd Cir. 1973); Rouse Woodstock, Inc. v. Surety Federal Savings & Loan, 630 F. Supp. 1004, 1008 (N.D. Ill. 1986). The reasoning behind this rule is that only one of the § 1404(a) factors– convenience of the parties– is within the parties' power to waive. Plum Tree, 488 F.2d at 757-58. Thus, although a valid forum selection clause waives a party's right to assert his own inconvenience, courts still consider whether the interests of justice or the convenience of the witnesses require transferring a case. Heller, 883 F.2d 1286, 1293 (7th Cir. 1989).

Additionally, although entitled to deference, "the plaintiff's choice of forum is not dispositive, but merely one factor to be considered." C & F Packing Co. v. KPR, Inc., 1993 WL 278504, at *3 (N.D. Ill. Jul. 22, 1993). The convenience of the witnesses is the most important factor in evaluating the convenience issue. Wright, Miller, & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3851, at 415 (1986). The party seeking transfer "must clearly specify the key witnesses to be called and include a generalized statement about what their testimony will include." C & F Packing Co., 1993 WL 278504 at *3; Heller, 883 F.2d at 1293.

Here, because this Court has previously sustained the validity of the forum selection clause in the Agreement, Warner has waived its right to argue its own inconvenience in support of its motion. Further, Warner fails to clearly identify its key witnesses and their anticipated contribution to the case. The only witness specifically identified as being potentially inconvenienced by litigation in this district is Mark Bayer. As President of Warner Robins, Mark Bayer is not a third party witnes but rather a party to this action, and as such he has waived his right to argue inconvenience. See Northwestern Nat. Ins., 916 F.2d at 378. Warner also indicates its intent to call upon witnesses from Norvergence yet fails to identify any specific

-4-

witnesses from this company.  Moreover, Norvergence's principal place of business is New Jersey.  Thus, any witnesses from Norvergence called upon by Warner would be equally inconvenienced if this case was transferred to Georgia.

Warner also argues that the situs of the material events under the Agreement occurred in Georgia.  Although the Agreement was initially executed in Georgia, Warner's alleged breach stems from Warner's failure to make payments under the Agreement to IFC in Illinois.  Further, transferring the case to Georgia would only shift any inconveniences Warner may incur to IFC.  Hence, this Court holds that Illinois and Georgia are equally convenient.

**II.     Interest of Justice**

The most compelling factor in analyzing a 1404(a) motion is often whether the transfer will aid the "interest of justice."  C & F Packing Co., 1993 WL 278504, at *3.  See also Medi USA v. Jobst Institute, 791 F. Supp. 208, 210-11 (N.D. Ill 1992); Wright, Miller, & Cooper, Federal Practice and Procedure: Jurisdiction, 2d § 3854, at 439-40.  This factor "embraces the traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses." Brandon, 42 F. Supp. 2d at 834-35.  Transfer may be appropriate in the interests of justice, "even where the convenience of the parties and witnesses calls for a different result." C & F Packing Co., 1993 WL 278504, at *3.  In determining the interest of justice, courts should consider: (a) the speed at which the case will proceed; (b) the court's familiarity with the law that governs the action; (c) the relation of the locale to the controversy and the desirability of settling the matter in that forum; and (d) whether "similar cases are pending" in the district which the case is sought to be transferred. See Id at *3.

After carefully reviewing the allegations in this action, this Court finds that the interest of

justice factors weigh against transferring this case to the United States District Court for the Middle District of Georgia. Although Warner correctly asserts that the Georgia court is capable of interpreting Illinois law, in diversity actions, it is considered advantageous to have federal judges who are familiar with the applicable state law. Heller, 883 F.2d at 1293. Further, although Warner has evidence in Georgia, IFC's documents are located in Illinois and there is nothing to suggest that IFC's evidence is of greater importance to the determination of this case. Also, according to case management statistics for 2004, Warner would not be afforded a speedier trial in Georgia. In fact, the median time frame for disposition and trial of civil cases in the Middle District of Georgia is higher than the median time frame for disposition and trial of civil cases in the Northern District of Illinois. (IFC's Response, Ex. E). Thus, to transfer the case in this instance would actually delay the disposition of this action. Finally, there are no similar cases pending in the district to which this case is sought to be transferred. This Court thus holds that the interest of justice factors weigh against transferring this case to the District of Geogia.

This Court has reviewed IFC Credit Corp v. Eastcom, Inc., 2005 WL 43159 (N.D. Ill. January 7, 2005) and IFC v. Century Realty Funds, Inc., No. 04 C 5908 (N.D. Ill. March 4, 2005), which Warner cites in support of its Motion to Transfer. The courts in Eastcom and Century based their decisions to transfer on finding that the main issues involved Warner and Norvergence's performance of the contract in the transferee districts. The crux of this case, however, is Warner's failure to make rental payments to IFC in Illinois per the Agreement. Though Warner adamantly contends that the main issues in this case are between Norvergence and Warner, it fails to assert any specific evidence or witnesses from Norvergence relevant to this case. Thus, Eastcom and Century are distinguishable from this case.

## CONCLUSION

For the foregoing reasons, the Court Denies the Motion to Transfer [24-1].

**ENTER:** _____
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

**DATED: 7/1/05**