# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IFC CREDIT CORPORATION, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | 04 C 6093 |
| | ) | |
| WARNER ROBBINS SUPPLY | ) | |
| COMPANY, INC., | ) | |
|     Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant Warner Robbins Supply Company asks the court to reconsider its order denying its motion to dismiss IFC Credit Corporation's diversity complaint under Fed. R. Civ. P. 12(b)(2) and 12(b)(3). In support, Warner directs the court to recent cases holding that forum selection clauses that do not identify an ascertainable forum, like the one in the contract IFC seeks to enforce, are void as against the public policy of the state of Illinois. For the following reasons, the motion to reconsider is granted, and IFC's complaint is dismissed.

## Background

The following facts are drawn from the complaint and accepted as true for purposes of Warner's motion to reconsider. Warner is in the building and home supply industry and is a Georgia corporation with its principal place of business in Georgia. Warner executed an equipment rental agreement with NorVergence, a non-party, to lease certain equipment. The lease provided, among other things, that:

> This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Rentor's assignee's

sole option. You hereby waive right to a trial by jury in any lawsuit in any way relating to this rental.

Warner certified that it received the equipment and that it had reviewed and understood all the terms of the lease.

NorVergence subsequently assigned its interest in the agreement to IFC, an Illinois corporation with its principal place of business in Illinois. IFC then provided Warner with written notification of the assignment. In Count I of its complaint, IFC contends that Warner breached the agreement by failing to pay all of the monies due under that agreement. In Count II, it contends that it is entitled to possession of the equipment covered by the agreement.

## **Discussion**

The parties' arguments are based upon Illinois law, so that is the law the court will apply. *Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 374 (7th Cir. 1990) (parties may designate what law governs disputes over their forum selection clause). Warner's motion to dismiss challenged personal jurisdiction and venue. In the motion, Warner argued that the only basis for jurisdiction over it in Illinois is a purported forum selection clause in its contract with NorVergence, subsequently assigned to IFC. Warner asserted that because the purported forum selection clause is invalid, it is not subject to jurisdiction in Illinois and IFC's case against it should be dismissed.

Upon initial consideration, the court held that the forum selection clause at issue was valid because it used the word "shall" and therefore was mandatory. *See Bremen v. Zapata Off-Shore Co*, 407 U.S. 1, 15 (1972) (mandatory forum selection clauses are presumptively valid). As for personal jurisdiction, the court held that Warner had waived the issue by entering into a

contract containing a valid forum selection clause. *See id.* at 9-12 (parties may agree by contract to submit to the jurisdiction of a given court); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1280 (7th Cir. 1997) (personal jurisdiction is waivable through such measures as forum selection clauses).

Warner argues in its motion for reconsideration that, though mandatory, the forum selection clause is unenforceable because it is against Illinois public policy. Specifically, Warner argues that Illinois prohibits the enforcement of a forum selection clause that "does not fix an ascertainable jurisdiction." Warner contends that the clause at issue is unenforceable because it does not specify the state in which the parties must litigate after the contract is assigned. Instead, the clause requires the parties to litigate in the home state of the assignee, and Warner had no way of knowing what state that would be when it signed the contract.

A motion for reconsideration cannot be used to merely reargue what the court has already rejected, to correct errors in the party's previous arguments, or to raise issues that could have been raised earlier. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). To that end, a motion to reconsider may be brought only to correct manifest errors of fact or law, or to present newly discovered evidence. *Id.*

IFC argues that Warner waited too long to argue that the purported forum selection clause violates public policy by raising the argument for the first time in its motion to reconsider. But Warner is not raising the argument for the first time. In its opening brief in support of its motion to dismiss, Warner noted that the clause was unenforceable because Warner "had no choice as to who the assignee was to be," and was essentially "required to consent to venue potentially anywhere," but did so while arguing that the clause was unenforceable as part of an adhesion

contract. Motion to Dismiss ¶ 13(a) & (d). In its reply, however, it argued that the forum selection clause itself was unenforceable because it failed to identify a "fixed, ascertainable jurisdiction." Reply to Response to Motion To Dismiss ¶ 6.

Normally, raising an argument for the first time in a reply brief or in a motion to reconsider means that the argument is forfeited. *Caisse*, 90 F.3d at 1269 (party may not raise issue in a motion to reconsider that it could have raised earlier); *In re Sulfuric Acid Antitrust Litig.*, 230 F.R.D. 527, 522 (N.D. Ill. 2005) (arguments raised first in a reply brief are waived). Warner's motion to reconsider, however, also relies on recently issued decisions analyzing the issue presently before the court. Specifically, Warner relies upon several federal and state cases, all decided since this court's order denying Warner's motion to dismiss, holding that purported forum selection clauses identical to the one at issue in this case violate Illinois public policy. In *IFC Credit Corp. v. Aliano Bros.*, No. 04 C 6504, 2005 WL 643288 (N.D. Ill., Feb. 16, 2005), Judge Darrah granted the defendant's motion to dismiss for lack of personal jurisdiction after refusing to enforce an identically-worded forum selection clause, stating that:

> The purported forum selection clause does not designate a specific state to which the parties will litigate any issues once the lease is assigned and confers upon the lessor the right to assign to any creditor in any state. Defendants have no way of knowing, at the time the lease was executed, what state in the union they would be required to litigate.

*Id.* at *4. In another federal case involving the same forum selection clause, *IFC Credit v. Eastcom, Inc.*, No. 04 C 6503, 2005 WL 43159 (N.D. Ill., Jan. 7, 2005), Judge Gettleman held that it was "not at all clear" that Illinois would enforce such a clause because it "lacks an essential element regarding forum selection . . . no selected forum is identified." *Id.* at *1.

However, Judge Gettleman did not ultimately decide whether to enforce the clause, and instead transferred the case under 28 U.S.C. § 1404 for *forum non conveniens*. *Id.* at *2.

Two Illinois trial courts have also recently concluded that clauses like the one at issue here are unenforceable. In *IFC Credit Corp. v. Thomas Printing, Inc.*, No. 04 M3 2654 (Ill. Cir. Ct. Cook Co., Mar. 17, 2005), the court held that the forum selection clause "contravenes Illinois' public policy requiring identification of a clear and specific forum." *Id*. at 4. In *IFC Credit Corp. v. Main St. Mortgage*, No. 04 M3 2649, 04 M3 2674, 04 M3 2647, 04 M3 2670, 04 M3 2661 & 04 M3 2648 (Ill. Cir. Ct. Cook Co., Mar. 30, 2005), the court held that "non-specific forum selection clauses or more accurately post transaction forum selection clauses in and of themselves would seem to violate the most basic tenents of proper due process [and] offend[] the public policy of fundamental fairness . . . and therefore cannot subject Defendants to the jurisdiction of this Court." *Id.* at 18.

Not every court to consider the issue has reached the same conclusion, though. For instance, in *IFC Credit Corp. v. Burton Indus., Inc.*, No. 04 C 5906, 2005 WL 1243404, at **2-3 (N.D. Ill. May 12, 2005), Judge Guzman held that a forum selection clause identical to the one at issue here was valid despite its failure to identify a forum by name. In Judge Guzman's view, the clause offered no guarantee that the original lessor's place of business would not change over time, so adding an assignee to the equation did not increase the uncertainty: "with or without an assignee, the precise location of the forum is unknown until a case is actually filed." *Id.* at 2.

In another recent case, *IFC Credit Corp. v. Century Realty Funds, Inc.*, No. 04 C 5908, at 6-7 (N.D. Ill. Mar. 4, 2005), Judge Hart opined that a forum selection clause identical to the one in this case, even if invalid, may nevertheless confer personal jurisdiction over a defendant, citing

*Whirlpool v. Certain Underwriters at Lloyd's London*, 662 N.E.2d 467 (Ill. App. Ct. 1996). However, in *Whirlpool*, the defendants conceded jurisdiction, and argued only that their forum selection clause did not prevent them from seeking transfer for *forum non conveniens*. *Whirlpool*, 662 N.E.2d at 470.

The Illinois Supreme Court has not addressed the issue facing this court. Therefore, this court must predict how the Illinois Supreme Court would rule in determining whether forum selection clauses identical to the one in Warner's contract are valid. *See Rodrigue v. Olin Employees' Credit Union*, 406 F.3d 434, 441 (7th Cir. 2005). Though federal courts addressing the issue have reached contradictory results, this court finds significant the fact that the Illinois cases of which it is aware have uniformly held that such clauses are against Illinois public policy, do not confer personal jurisdiction, and are unenforceable. As one Illinois court has noted, forum selection clauses must be clear and specific, and one that fails to name a specific forum is neither. *Whirlpool v. Certain Underwriters at Lloyd's London*, 662 N.E.2d 467, 470-71 (Ill. App. Ct. 1996). No one—probably not even the original lessor—could discern at the time of contracting in what forum disputes should be brought. *See Aliano*, 2005 WL 643288, at *4. Parties who agree to litigate in a specific forum do so knowing they may be giving up important rights, *Whirlpool*, 662 N.E.2d at 471, but when no forum is specified, parties have no way to know what rights they are giving up. In sum, the purported forum selection clause at issue here contains no "clear and specific" selection of forum, and is therefore unenforceable. *Id.*; *see also Aliano Bros.*, 2005 WL 643288, at *4.

IFC has not identified any other basis for jurisdiction over Warner, nor does the record reveal one. According to the first amended complaint, the contract at issue was negotiated and

signed by NorVergence in New Jersey and Warner in Georgia. The items rented from NorVergence were delivered to Warner in Georgia, and IFC contends that Warner has wrongfully retained possession of the leased equipment in Georgia. All of these events occurred in New Jersey or Georgia; none of them occurred in Illinois.

Accordingly, the forum selection clause is not enforceable, and no other basis to exercise jurisdiction over Warner in Illinois exists.

## **Conclusion**

For the foregoing reasons, Warner's motion for reconsideration is granted [17-1], as is its motion to dismiss [6-1].

ENTER:

DATE: October 26, 2005

_____
Blanche M. Manning
United States District Judge